IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUIDEONE NATIONAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 16-CV-00740 |
| BHAV HARRI, LLC, DBA TRAVELERS INN, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss Plaintiff's Anticipatory Declaratory Judgment and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [ECF #17], filed by Defendant Bhav Harri, LLC d/b/a Travelers Inn. For the following reasons, the Motion is GRANTED.

**Background**

This action arises out of a dispute concerning Plaintiff GuideOne National Insurance Company's handling of an insurance claim filed by Defendant for property damage to a motel property located in Corsicana, Texas (the "Property"). Plaintiff insured the Property pursuant to a commercial policy of insurance issued to Defendant, effective September 22, 2014 to September 22, 2015 (the "Policy"). On May 10, 2015, a severe storm allegedly caused extensive damage to the Property. Defendant submitted a claim under the Policy, but Plaintiff determined that the claimed damage was not a covered loss. Defendant disputes Plaintiff's coverage determination.

1

On March 4, 2016, Defendant's counsel sent Plaintiff a demand letter. The letter advised Plaintiff that Defendant intended to refrain from serving Plaintiff with a lawsuit "for the statutory period," in order to give Plaintiff the opportunity to respond with an offer of settlement. *See* Def. Mot., Ex. F. Less than two weeks later, on March 16, 2016, Plaintiff filed this lawsuit seeking a declaration that there is no coverage under the policy for any alleged damage to the Property. In its Complaint, Plaintiff avers that the damage to the Property was not caused by the May 10, 2015 storm, but constitutes wear and tear and/or results from inadequate maintenance, neither of which is covered by the Policy.

On July 21, 2016, Defendant filed a civil action in the 13th Judicial District Court of Navarro County, Texas, against Plaintiff and William Bobbie Newsom, Jr., a Texas citizen who acted as Plaintiff's adjuster for the alleged damage to the Property. *See* Def. Mot., Ex. H. In the Original Petition, Defendant (as plaintiff in the state action) asserted claims against Plaintiff for breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), breach of the common law duty of good faith and fair dealing, and fraud. Plaintiff further asserted claims against Newsom for fraud and violations of the Texas Insurance Code and the DTPA.

Defendant also filed an answer and a Motion to Dismiss in this federal action. By its Motion, Defendant argues that the Court should dismiss Plaintiff's claims on grounds that (1) the declaratory judgment action is anticipatory; (2) Plaintiff does not have a justiciable injury; (3) Defendant has a concurrent state court action pending in Navarro County, which is a more appropriate forum for the resolution of the parties' dispute; and (4) Plaintiff has failed to state a claim for relief because it has admitted that the Property sustained some

storm-related damage. The issues have been fully briefed, and the Motion is ripe for determination.

## Legal Standards and Analysis

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). The statute thus confers on federal courts "unique and substantial discretion" in deciding whether to declare the rights of litigants. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995); *see also Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991) (holding declaratory relief is a matter of district court discretion). When considering its discretion to decide or dismiss a declaratory judgment action, a district court engages in a three-step analysis. *See Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "First, the court must determine whether the declaratory judgment action is justiciable." *Id.* "Second, . . . the court must resolve whether it has the 'authority' to grant declaratory relief in the case presented." *Id.* And, "[t]hird, the court must determine how to exercise its broad discretion to decide or dismiss the declaratory judgment action." *Id*.

### Justiciability

Determining whether an action is justiciable typically requires a court to resolve whether an "actual controversy" exists between the parties. *AIX Specialty Ins. Co. v. W. States Asset Mgmt*, 2013 WL 4603775, at *1 (N.D. Tex. Aug. 29, 2013) (Lynn, J.) (citing *Wolfe*, 212 F.3d at 895). "'As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal

interests.'" *Wolfe*, 212 F.3d at 896 (quoting *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)).

Here, Plaintiff seeks a declaration that there is no coverage under the Policy for Defendant's claim for damages to the Property. Defendant contends that the alleged damages are covered under the Policy, and Plaintiff violated numerous state laws and breached common law duties in denying its claim. The parties thus have adverse legal interests, and a real and immediate controversy exists between them. Therefore, the Court determines that the case is justiciable. *See E & R Rubalcava Const., Inc. v. Burlington Ins. Co.*, 147 F. Supp. 2d 523, 526 (N.D. Tex. 2000) ("A declaratory judgment is a proper manner in which to resolve disputes over liability insurance coverage.").

Defendant argues that Plaintiff's claims are not justiciable because the insurance company admitted during the claims adjustment process that at least some coverage exists for Defendant's claim. Defendant contends that Plaintiff's "admission" renders it impossible for the Court to grant the relief Plaintiff seeks. However, the Court does not agree that Plaintiff's communications to Defendant can be accurately characterized as an admission that is fatally inconsistent with the relief Plaintiff seeks by its declaratory judgment claim. Plaintiff's Original Complaint alleges that "[t]he majority of claims made by [Defendant] against [Plaintiff] are for preexisting damage to the roof structure including wear and tear, faulty design, and maintenance issues leading to corresponding interior property damage." Pl. Orig. Compl. at 6, ¶21. "The Policy does not provide coverage to [Plaintiff] for wear and tear of faulty or inadequate maintenance." *Id.*, ¶22. Accordingly, Plaintiff seeks a judgment declaring "there is no coverage under the Policy for the claims of [Defendant]." *Id.*

4

This request for relief is consistent with Plaintiff's prior statements to Defendant concerning coverage for the alleged damages to the Property. In a June 2, 2015, letter to Defendant, Plaintiff explained:

> Your policy provides coverage subject to a 1% wind and hail deductible. Line items 1 thru 3 of the estimate total $401.60. These are the only items caused by wind or hail.
>
> The remaining line items 4 thru 24 are the result of water intrusion through leaking roofs, and are not the result of wind and hail. This part of your loss is not a covered loss per your policy, Special Form PCV 301.
>
> \* \* \*
>
> Your policy also contains PDE 313, Property Deductible Endorsement.
>
> The deductible applicable to each enumerated property coverage shown in the Declaration shall be in the amount of $1,000. The Company's liability is understood to be in excess of the deductible amount for each enumerated coverage.
>
> \* \* \*
>
> [Plaintiff] will be unable to issue any payment for your loss, as the loss does not exceed your 1% wind and hail deductible.

Def. Mot. Ex. B.

Similarly, in a letter dated February 10, 2016, Plaintiff advised Defendant that an engineering inspection report for the Property concluded (1) "[t]he through-fastened metal panels on building A are not damaged by hail or wind;" (2) "[t]he modified bitumen material on building B is not damaged by hail or wind; (3) "[t]he shingles on building C are not damaged by hail; and (4) "[t]wo shingles on building C are damaged by wind." *Id.*, Ex. E. However, the letter further explained:

5

> We have previously advised you the damages sustained by [Defendant] do not exceed the 1% windstorm or hail deductible contained in form PDE 313, Property Deductible Endorsement.
>
> The above conclusion support[s] the minimal scope of any building damage caused by wind or hail, and confirm[s] the damages covered by the policy do not exceed this deductible.

*Id.* Contrary to Defendant's characterization, Plaintiff's statements are consistent with its litigation position that there is no coverage under the Policy for Defendant's claim because (1) the majority of the damages at issue were not caused by a covered peril, and (2) to the extent the damages were caused by wind or hail, the amount of the damage does not exceed Defendant's deductible. Therefore, Plaintiff has not made any admission that renders this federal action nonjusticiable.

## Authority to Grant Declaratory Relief

It is undisputed that the Court has the authority to grant declaratory relief. Indeed, the general rule is that a district court lacks the authority to weigh the merits of a declaratory judgment action only when: "(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283," the Anti-Injunction Act. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). The presence of all three factors mandates abstention. *AIX Specialty Ins.*, 2013 WL 4603775, at *2. The absence of any one factor defeats mandatory abstention. *Id.* Because Plaintiff filed this declaratory judgment action *before* Defendant filed its suit in state court, the Court need not abstain from deciding the declaratory judgment action. *Id.* (holding that mandatory abstention was inapplicable where the federal declaratory judgment action

was filed before the related state court action); *Cont'l Ins. Co. v. Gifford–Hill & Co., Inc.*, 2013 WL 1875930, at *2 n. 6 (N.D. Tex. May 6, 2013) (Fitzwater, J.) (same).

## Discretion to Grant Declaratory Relief

Having determined that this case presents a justiciable controversy and that the Court has the authority to grant declaratory relief, the Court must decide whether to exercise its discretion to decide this action. This determination rests on "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). The following factors guide the Court's exercise of its discretion:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). The concerns of federalism, fairness, and efficiency underpin the Court's consideration of these nonexclusive factors. *See Sherwin-Williams*, 343 F.3d at 390-92.

The federalism factor "requires the court to examine comity and efficiency." *Id*. at 391. In *Brillhart*, the Supreme Court directed district courts to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." 316 U.S. at 495. Consistent with this direction, the Supreme Court found that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id*. This Court has previously recognized that *Brillhart* abstention is not restricted only to those instances where federal and state proceedings are exactly parallel—*i.e.*, where they involve the same parties and the same issues. *See AIX Specialty Ins.*, 2013 WL 4603775, at *3. Instead, where "there is a pending related state proceeding but it is not 'parallel' . . . the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute . . . ." *Id.* (quoting *Sherwin–Williams*, 343 F.3d at 394 n. 5).

While not exactly parallel, the federal and state proceedings are sufficiently similar for this Court to conclude that the pendency of the state court action strongly weighs in favor of the dismissal of this action. The state court action names all of the parties named in this federal action. The state court action also raises all of the issues before this Court. All of the matters in controversy here will thus be litigated in the state court action, and that weighs in favor of dismissal. *Id*. Finally, the issues that Plaintiff seeks to have this Court resolve are not

governed by federal law, and can be adjudicated properly by the state court. *See, e.g., Sherwin–Williams*, 343 F.3d at 390–91 ("[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."). Accordingly, the Court finds that the first federalism factor weighs in favor of dismissal.

The second, third, and fourth factors require this Court to assess whether Plaintiff is improperly using the declaratory judgment process to unfairly gain access to federal court. *See id*. at 391. Plaintiff commenced this action after the parties failed to come to agreement on whether coverage existed under the Policy for certain alleged damage to the Property. Between May 31, 2015, and February 10, 2016, the parties conducted three inspections of the Property, and Plaintiff sent Defendant at least two denial letters. Plaintiff filed its Original Complaint less than two weeks after Defendant's attorney sent Plaintiff a formal demand letter. *See* Def. Mot., Ex. F. The letter outlined specific instances of alleged unfair and deceptive conduct by Plaintiff in the handling of Defendant's claim. *See id*. The letter further advised Plaintiff that Defendant would file a lawsuit after the expiration of the statutory notice period, unless Plaintiff made an acceptable offer to settle the insurance claims. *See id*. Plaintiff filed its lawsuit before the expiration of the statutory notice period. On these facts, the Court concludes that Plaintiff filed this action in anticipation of Defendant's state court action. S*ee Capco International, Inc. v. Hass Outdoors, Inc*., 2004 WL 792671, at *4 (N.D. Tex. April 9, 2004) (Fish, J.) (holding that a case was "more likely than not" brought in anticipation of litigation where the "tenor" of pre-suit correspondence between the parties "presented a strong indication" that litigation was the next step).

Simply filing a declaratory judgment action in a federal court in anticipation of state court litigation is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping. *Sherwin–Williams*, 343 F.3d at 391. However, a declaratory judgment suit can be "reactive" and therefore an improper attempt to preempt a state court proceeding, even if filed before the state court action, when the insurer anticipates that its insured intends to file a non-removable state court action, and rushes to file a federal action before the insured does so. *See Ironshore Specialty Ins. Co. v. Adv. Stimulation Techns., Inc.*, 2015 WL 5287028, at *4 (Aug. 10, 2015) (Lynn, J). Defendant's demand letter asserted that "[Plaintiff] and/or [Plaintiff's] agent(s) made, directly and indirectly causing to be made, an assertion, representation, or statement with respect to insurance that was untrue, deceptive or misleading." Def. Mot., Ex. F. Defendant's Original Petition includes claims against Newsom, a nondiverse Texas citizen, for violations of the DTPA and the Texas Insurance Code. Plaintiff filed its lawsuit before the statutory notice period had elapsed and thus before Defendant was legally entitled to bring its claims against Newsom under the DTPA and the Texas Insurance Code. Under these circumstances, the Court concludes that Plaintiff filed this action in anticipation that Defendant would file a non-removable state court action. Indeed, Plaintiff does not dispute that Defendant's state court lawsuit is non-removable. Although Plaintiff contends that it had "no warning" that Defendant intended to file a state court lawsuit asserting separate claims against Newsom, the Court finds that Defendant's demand letter gave Plaintiff reasonable notice that Defendant was contemplating such action. The Court therefore finds that the three fairness factors also weigh in favor of dismissing this action.

Plaintiff also argues that Defendant was not diligent in filing its state court lawsuit because it waited nearly four months after this federal action was filed. However, Defendant was required to wait at least sixty days after sending its demand letter before it could bring claims under the DTPA and the Texas Insurance Code. Tex. Bus. & Com. Code Ann. §17.505(a) ("As a prerequisite to filing a suit seeking damages under [the DTPA] against any person, a consumer shall give written notice to the person at least 60 days before filing the suit . . . ."); Tex. Ins. Code Ann. §541.154(a) ("A person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed."). Defendant sent Plaintiff a demand letter satisfying the 60-day notice requirement on March 4, 2016. The notice period expired on May 3, 2016. Defendant filed its state court lawsuit two and half months later, on July 21, 2016. The Court finds that Defendant was diligent in filing its lawsuit within a reasonable time after the expiration of the statutory notice period.

The fifth factor—whether the federal forum is a convenient forum—implicates efficiency considerations. *Sherwin–Williams*, 343 F.3d at 392. Plaintiff filed its federal action in the same judicial district as the Defendant's place of business and the location of the Property. The state courthouse and the federal courthouse are only fifty miles apart. Thus, the federal and state fora appear to be equally convenient for the parties and witnesses. The Court therefore concludes that this factor is neutral. *See Atlantic Cas. Ins. Co. v. Bustos-Bustos*, 2016 WL 5794960, *5 (N.D. Tex. Aug. 31, 2016) (finding convenience factor to be neutral where the state and federal courts were only forty miles apart).

The sixth factor similarly concerns efficiency and asks whether judicial economy would be served by retaining the federal lawsuit. *Sherwin–Williams*, 343 F.3d at 392. The

controversy which Plaintiff asks this Court to decide is pending before the state court. The federal proceeding does not concern issues of federal law, and the issues can be appropriately adjudicated by the state court. "It is a waste of judicial resources to litigate a federal declaratory judgment action involving only issues of state law that are already being litigated in the [state court]." *Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 734 (N.D. Tex. 2009). If the Court were to exercise its discretion to decide this case, it would run the risk of piecemeal litigation and inconsistent rulings. It would also unnecessarily require the courts and the parties to duplicate their efforts. If the Court dismissed the case, however, the state court would not be duplicating this Court's efforts, as this Court has yet to decide any substantive issues. The Court thus finds that the sixth factor weighs in favor of dismissal.

Finally, the seventh factor concerns federalism and comity. *Sherwin–Williams*, 343 F.3d at 392. Because the parties are not asking the Court to construe a state judicial decree, this factor is neutral or weighs against dismissal. *See AIX Specialty Ins.*, 2013 WL 4603775, at *5 (citing cases finding the seventh factor is neutral or weighs against dismissal where the court is not being asked to construe a state judicial decree).

Having considered all the relevant factors, the Court finds that the majority of the factors—especially the factors that address federalism and fairness—weigh in favor of dismissal. Accordingly, the Court concludes that it should not decide Plaintiff's declaratory judgment action. This determination pretermits consideration of Defendant's arguments that Plaintiff's Complaint fails to state a claim.

## Conclusion

Defendant's Motion [ECF #17] is GRANTED, and this case is DISMISSED without prejudice.

SO ORDERED.

Dated: August 15, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE